# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VELEZ, Jr., <br><br> Plaintiff, <br><br> v. <br><br> LEWIS, et. al., <br><br> Defendants. | Case No. 1:17-cv-00026-DAD-SKO (PC) <br><br> **FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** <br><br> **(Doc. 8)** <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff, Robert Velez, Jr., a state inmate proceeding *pro se* and *in forma pauperis*, filed a motion seeking injunctive relief for the implementation of various procedures for delivering legal mail to inmates at California Correctional Institution ("CCI") in Tehachapi, California. (Doc. 8.)

As an initial matter and as stated in the recently issued screening order, Plaintiff has not stated a cognizable claim upon which relief may be granted. As such, there is no actual case or controversy before the Court at this time, and Court lacks the jurisdiction to issue the order sought by Plaintiff. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A). ). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, requests for prospective relief are limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." Although Plaintiff raises claims of deliberate indifference to his serious medical needs in this action, the injunctive relief he seeks relates to delivery and handling of inmates' legal mail. Relief for Plaintiff cannot be

1

narrowly drawn here as Plaintiff's requested relief is unrelated to the violation of the rights he asserts in this action.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The seriousness of Plaintiff's accusations concerning delivery of his mail, however, cannot and do not overcome a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for obtaining the relief Plaintiff seeks.[1]

Accordingly, the Court **HEREBY RECOMMENDS** that Plaintiff's motion for injunctive relief, filed on February 7, 2017, (Doc. 8), be **DENIED** for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 16, 2017**              /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, the Court need not reach the merits of Plaintiff's motions in light of the fact that the jurisdictional bar is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

2