# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VELEZ, Jr.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEWIS, et. al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00026-DAD-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND TO STATE A CLAIM**<br><br>**(Doc. 11)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Robert Velez, Jr., a state inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On May 17, 2017, the Court issued an order finding that Plaintiff failed to state any cognizable claims, dismissing the Complaint, and granting leave for Plaintiff to file a first amended complaint within thirty (30) days. (Doc. 11.) More than thirty (30) days have passed and Plaintiff has failed to file an amended complaint or otherwise respond to the Court's screening order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

1

(dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, when served at Plaintiff's address of record, the May 17, 2017 screening order was returned as undeliverable on June 7, 2017. At the start of this action, the First Informational Order informed Plaintiff of his duty to keep his address of record with the Court current. (Doc. 4.) That order stated: "If a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b)." (*Id.*, p. 5.) More than sixty-three days have lapsed since the screening order was returned as undeliverable and Plaintiff has not contacted the Court to request an extension or to otherwise explain any circumstances that may be preventing him from complying with the order.

Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the date of service of this order why the action should not be dismissed for Plaintiff's failure to state a claim and to comply with the Court's order; alternatively, within this same time period, Plaintiff may file a first amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **August 18, 2017**                     /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE