# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VELEZ, Jr.,<br><br>                Plaintiff,<br><br>     v.<br><br>LEWIS, et. al.,<br><br>                Defendants. | **Case No. 1:17-cv-00026-DAD-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND TO STATE A CLAIM**<br><br>**(Doc. 11, 14)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Robert Velez, Jr., a state inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On May 17, 2017, the Court dismissed Plaintiff's Complaint for failure to state any cognizable claims and granted leave for Plaintiff to file a first amended complaint within thirty days. (Doc. 11.)

Although more than three months have lapsed, Plaintiff has neither filed an amended complaint, nor responded to the Court's Order.[1] Thus, on August 18, 2017, an order issued for Plaintiff to show cause within twenty-one days why this action should not be dismissed for his failure to obey the screening order, failure to prosecute, and failure to state a cognizable claim. (Doc. 14.)[2] This deadline also passed without a response from Plaintiff.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the

---

[1] Although the screening order was not returned, one of two Findings and Recommendations which issued and was served on that same day, was returned as "Undeliverable, Out to Medical 04/30/2017" by the United States Postal Service on June 7, 2017. Thus, the screening order and both May 17, 2017, F&Rs were re-served on Plaintiff on July 11, 2017. They will also returned as undeliverable on July 19, 2017. At the initiation of this action, Plaintiff was informed of his ongoing obligation to keep the Court informed of his correct current address and that failure to do so within sixty-three (63) days of mail being returned as undeliverable will result in dismissal for failure to prosecute. (Doc. 4, p. 5, citing Local Rule 183(b).)

[2] Although Plaintiff has not updated his address of record since his mail was returned as undeliverable, the order to show cause has not been returned.

1

Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Based on Plaintiff's failure to comply with, or otherwise respond to the order which dismissed the Complaint, there is no alternative but to dismiss the action for his failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's failure to obey a court order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 19, 2017**          /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE